**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Robert Roney, <br><br> Plaintiff, <br> v. <br><br> Online Information Services, Inc.; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and Trans Union LLC, <br><br> Defendants. | Civil Action No.: _____ <br><br><br> **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Robert Roney, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the he Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA"), in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Robert Roney ("Plaintiff"), is an adult individual residing in Peachtree City, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Online Information Services, Inc. ("Online"), is a North Carolina business entity with an address of 685 West Fire Tower Road, Winterville, North Carolina 28590, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6). Online is a debt buyer who furnishes consumer information to the credit reporting agencies ("CRAs").

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a California business entity with an address of 505 City Parkway West, Orange, California, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA.  Experian is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

7. Defendant Equifax Information Services, LLC ("Equifax"), is a Georgia business entity with an address of 1550 Peachtree Street N.W., Atlanta, Georgia, operating as a consumer reporting agency as the term is defined by 15

U.S.C. § 1681(a)(f) of the FCRA. Equifax is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

8.     Defendant Trans Union LLC ("Trans Union"), is an Illinois business entity with an address of 555 West Adams Street, Chicago, Illinois, operating as a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) of the FCRA. Trans Union is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

10.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.    The Debt was purchased, assigned or transferred to Online for collection, or Online was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Factual Allegations

13. Within the last year, Plaintiff noticed that Online was inaccurately reporting an account on his credit report.

14. Specifically, Online was reporting a debt that Plaintiff doesn't recognize and did not open.

15. Thereafter, Plaintiff called Online and provided it with his social security number but Online was not able to locate an account for Plaintiff.

16. Plaintiff informed Online it was falsely reporting an account on his credit report and verbally disputed the Debt. Online told Plaintiff that was impossible and he needed to contact the CRAs.

17. In February 2019, Plaintiff disputed the Debt with the CRAs.

18. Nevertheless, Defendants continue to report the account on Plaintiff's credit report as due and owing.

19. Upon Plaintiff's notification that the account was disputed and request that it be removed, and in accordance with their standard procedures, Plaintiff believes and thereon alleges that the CRAs did not evaluate or consider any of

Plaintiff's information, claims or evidence, and did not make any attempt to substantially or reasonable verify Online's representations regarding the account.

20. In the alternative, in the event that the CRAs did forward notice of the dispute to Online, Online failed to conduct an adequate investigation into Plaintiff's dispute and failed to properly update Plaintiff's credit report.

### C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants failed to report that the Debt was disputed to the credit bureaus.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, *et seq.*

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

33. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

34. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

35. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

36. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681, *et seq.*

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

a. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish in consumer credit reports;

b. Experian, Equifax, and Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct inaccurate information in Plaintiff's credit file after having received actual notice of such inaccuracies; by failing to conduct lawful reinvestigation; by failing to forward all relevant information to Online by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable; and

c. Online violated 15 U.S.C. § 1681s-2(b) by willfully and/or negligently failing to conduct an investigation with respect to the disputed information; by failing to review all relevant information provided by the consumer reporting agencies pursuant to section 1681i; and by failing to modify, delete or permanently block the disputed information.

39. Defendants' conduct, action and inaction was willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants' conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

40. As a result of Defendants' conduct, action, and inaction, Plaintiff incurred actual damages in the form of loss of the ability to purchase and benefit from credit.

41. Plaintiff is entitled to recover costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), O.C.G.A. § 10-1-399(a), and 15 U.S.C. § 1681 against Defendants;
2. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and 15 U.S.C. § 1681 against Defendants;
3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), O.C.G.A. § 10-1-399(d) and 15 U.S.C. § 1681 against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) an 15 U.S.C. § 1681against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 18, 2019

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Robert Roney
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:  (203) 653-3424
Email: slemberg@lemberglaw.com